## LA SALLE COUNTY WATER IMPROVE-MENT DIST. NO. 1 et al. v. GUINN et al.

### No. 8667.

Court of Civil Appeals of Texas. San Antonio.
June 10, 1931.

Rehearing Denied June 17, 1931.

Gaines, Gaines & Roberts, of San Antonio, for appellants.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellees.

FLY, C. J.

This is a suit instituted by appellees, a number of citizens and taxpayers, against the La Salle County Water Improvement District No. 1 and its board of directors, to obtain an injunction restraining them from "taking any further steps toward the collection of said tax as assessed and levied, and from incurring any further expense in connection therewith, or employing any attorneys for said purpose, and they further pray for citation that on final hearing they have judgment cancelling said attempted tax levy and declaring the same invalid, and perpetually enjoining the defendants from enforcing said taxes hereinabove referred to against any of the land or property in said district, and particularly the lands and property of these plaintiffs, and declaring said attempted levy and assessment invalid and void."

The following order was issued by the court, from which this appeal is being prosecuted:

"On this, the 7th, day of April, 1931, came on to be heard the application of the plaintiffs for temporary injunction herein, and both the plaintiffs and defendants appeared by their respective attorneys and announced ready for hearing on said application, and thereupon the court, having heard the pleadings and the evidence and the argument of counsel, and being of the opinion: (1) That the preliminary notes issued by said District, together with the interest thereon, are a charge against the District, as originally organized, and as was constituted when said preliminary notes were voted and should not be collected entirely from the property in the redefined and reduced District; and (2) that the assessments on which the tax sought to be enjoined are discriminatory and grossly excessive and invalid and void, is therefore of the opinion that the said temporary injunction should be granted;

"It is therefore ordered, adjudged and decreed by the court that said application for temporary injunction be and it is hereby granted, and the defendants and each of them are restrained and enjoined from collecting any tax based on the assessments made in and for the year 1929, and on which the tax rolls carrying the tax sought to be enjoined have been made up, and from levying and collecting against the redefined and reduced District the entire amount of said Seventy-five Thousand Dollars ($75,000.00) preliminary notes, together with the interest thereon, but this injunction shall not be construed as restraining or enjoining the defendants from collecting the amount due on said preliminary notes with interest, when the tax therefor shall be levied against the entire District, as originally constituted when said preliminary notes were voted, and when based upon a proper and legal assessment.

"The writ of injunction herein granted shall be issued by the Clerk on plaintiffs entering into bond in the sum of Two Thousand Five Hundred Dollars ($2,500.00), conditioned and payable as required by law, and said injunction shall remain in force pending the

final trial of this cause or until otherwise ordered by the court."

We arrive at our conclusions of fact from facts agreed to and not controverted by the parties. In reality there is no controverted question of fact presented; our decision being sought on matters of law growing out of established facts.

█ The facts are as follows: In December, 1924, a water improvement district containing more than 200,000 acres of land was organized in La Salle county, the town of Cotulla being included therein. As authorized by law, notes amounting in the aggregate to $75,000 were executed and sold to purchasers. The notes were issued by the district as originally bounded and afterwards the boundaries were contracted and the district reduced to 85,000 acres of land. The district as cut down and contracted from its original dimensions and acreage, issued bonds in the sum of .$7,300,000, and placed the same on the market, but they have not been sold because purchasers were not found for them. The district, as restricted, assumed the payment of the $75,000 notes. Holders of a portion of the notes obtained judgment thereon in the federal court of the Western district of Texas, and are seeking to collect the same by a levy of taxes through the board of directors. The larger, original district was established by a vote of the inhabitants thereof, and that district, as stated, issued the notes for $75,000. Afterwards, on February ———, 1926, the district court of Travis county validated the contracted or restricted district and the bonds issued by it. The district was reduced to 85,000 acres on October 28, 1925.

Articles 7622 to 7634a, Revised Statutes, provide for the establishment of water districts, and it may be assumed that all matters required by law were complied with in the formation and establishment of the original 200,000-acre district, and that the notes issued by that district are binding obligations. In article 7801, provision is made for the elimination of land in a district incapable of irrigation by gravity. It is clear that portions of a' district may be cut off the district by a compliance with the terms of the law, but it is the contention of appellees that the law was not followed in the elimination of some 125,000 or 129,000 acres from the original district. It is agreed that the board of directors cut off 104,000 acres of the original district because it could not be watered by gravity irrigation and that afterwards 25,000 acres were taken from the contracted district on petition of the owners. The validating act of the Legislature was dated March 2, 1929; the validation, of course, being of the district as cut down by the board of directors.

The validating act ratified all the acts and orders of the directors in connection with the execution of the notes and the issuance of the bonds; in fact, every act done in connection with the formation and establishment of the smaller district was in terms validated and approved. Acts of 1929, 41st Legislature, chapter 66, pp. 134 to 137, inclusive. The Legislature declared, in section 2 of the act: "Sec. 2. That organization and establishment of said La Salle County Water Improvement District Number 1, situated wholly within La Salle County, Texas, as created by the orders of the Commissioners' Court of La Salle County, Texas, and as modified and redefined by the orders of the Board of Directors of said district, is hereby approved, ratified and confirmed, and the power and authority of said Commissioners' Court to make and enter all orders in connection with ·the organization and establishment of said district .and the orders of the Board of Directors of said district made in connection with the survey, establishment and redefining of territory constituting said district for the purpose of making improvements or purchasing improvements already existing or purchasing improvements and making additions thereto, and the issuance of bonds in payment therefor, as provided in said Chapter 2, Title 128, Revised Statutes of the State of Texas, 1925, and authorizing such district to provide for irrigation of lands included therein, furnish water for domestic, power and commercial purposes, and for all other purposes authorized by said Chapter 2, Title 128, and to levy and collect annually a direct General Ad Valorem tax upon the taxable property therein appearing upon the assessment rolls of said district in payment of such bonds be and the same is hereby declared ratified, approved and confirmed."

It will be seen that the act is so comprehensive as to cover the formation of the original and the smaller district, which validated the cutting off of all the land, including the 25,-000 acres, which might have been irrigable. It has validated the district as completely as language is capable of creating a validation. Unless it was impossible to validate the formation of the district and the actions of the board of directors, the 85,000-acre district became a legal water improvement district, which was bound on the notes for $75,000. The Legislature claimed to be acting under the provisions of article 16, § 59, of the Constitution of Texas.

Appellees state that they are not attacking the validity of the formation of the district or the validity of the notes, but seem to contend that the whole 200,000 acres are liable on the notes and should be taxed to aid in paying off said notes. The district court of Travis county has decreed otherwise and decreed that the 85,000-acre district was formally created, and that all the acts of that district, including the assumption of the debt of $75,000, and the issuance of the bonds, were valid and binding upon it. The Legislature further validates all acts in forming the dis-

trict, assuming the prior debts, and issuing the bonds. There is no escape from the effects of the judgment and the act of the Legislature. The smaller district became and is liable for the debt evidenced by the notes, and it was the duty of the board of directors to levy taxes on the smaller district to pay off and discharge any and all of the said debt that was due, whether the same had been sued on and merged into a judgment in the Federal District Court or not.

There is no authority resting in the board of directors to levy a tax on lands no longer a part of the water improvement district. The segregation of over 100,000 acres of land from the district has been ratified and validated by a court of competent jurisdiction and the Legislature of Texas. The circumstances seem to indicate a willingness to let the released land go and assume all indebtedness when it was thought that the tremendous bond issue would be sold and the proceeds used to increase the value of the lands remaining in the district to such an extent as would make it a fine speculation. But the bonds have not been sold, although they were issued at a time when speculation and extravagance were at their highest peak all over America. Even with reckless extravagance rampant throughout the land $7,300,000 could not be held to be well secured by 85,000 acres of land in a sparsely settled part of Texas. The bonds could not be floated, the water speculation was balked and halted, and then the day for evading responsibility was ushered in. There is a just debt of about $1 an acre outstanding against the land, and its payment cannot be held contingent on the sale of bonds that probably can never be sold. The portion of the district which was segregated cannot, on any equitable ground, be held liable for the debt, and to hold that the reorganized district, which assumed the debts of the old one, is not liable would be upholding repudiation of a debt honestly and justly due. Texas courts will not sustain such repudiation.

There will be no conflict between the Federal District Court and Texas courts in levying taxes on the reorganized district's lands sufficient to pay off the debts that have been embodied in a judgment in the federal court.

While disclaiming any desire or intention to assail the formation of the district, appellees base their prayer for an injunction on the ground that the district of 85,000 acres is illegally organized and that the board of directors has no authority to levy taxes in the contracted district. It is clearly an indirect, if not direct, attack on the very existence of the only water improvement district of La Salle county. Disclaimers are of no avail when the dagger of destruction is being driven into the vitals of the district. The orig-inal district has been abandoned, and we know of no way to disentangle its dissolution and again make it a going concern. Whether legally or illegally, it has been destroyed; and whether its "taking off" was done according to law or not, it is gone. Appellees are not authorized, save and except through a writ of quo warranto, to attack the legality and vitality of the 85,000-acre district. Estate of Henrietta M. King, Deceased, v. County School Trustees of Willacy County et al. (Tex. Civ. App.) 33 S.W.(2d) 783.

The judgment of the trial court will be reversed, the injunction set aside, and the cause dismissed.