**J. E. WALLING, Jr., et al., Appellants,**

v.

**NORTH CENTRAL TEXAS MUNICIPAL WATER AUTHORITY et al.,**
Appellees.

No. 3610.

Court of Civil Appeals of Texas.

Eastland.

March 17, 1961.

Rehearing Denied April 21, 1961.

Ed King, Abilene, for appellants.

Hudson Smart, Abilene, Will Wilson, Atty. Gen., Brookreson & Brookreson, Seymour, for appellees.

COLLINGS, Justice.

J. E. Walling, Jr., and other alleged tax-paying and taxable property owners within the district of the North Central Texas Municipal Water Authority brought this suit against said municipal water authority and its board of directors. Plaintiffs sought a judgment prohibiting and restraining the defendants from assessing and collecting taxes under the act of the legislature of the State of Texas creating the water authority, alleging that the act of the legislature creating the water district and the action of the district and its board of trustees in the assessment and collection of taxes upon plaintiffs' property are unconstitutional and void. Plaintiffs also sought a declaratory judgment.

The defendants filed a motion to dismiss the suit, alleging that such a suit could only be brought by quo warranto proceedings in the name of the State of Texas. After hearing, judgment was entered sustaining the motion to dismiss. Plaintiffs have appealed.

Plaintiffs' suit, as described in their brief, as appellants, is a class suit, by taxpayers and landowners to enjoin the assessment and collection of taxes by the water authority on the ground that the act creating it is unconstitutional. Appellants assert that their suit was also one for a declaratory judgment under the Declaratory Judgments Act, Article 2524–1, Vernon's Ann.Tex. Civ.St., praying for a determination that the act creating said water authority is unconstitutional. Appellants present two points on appeal in which they contend (1) that they, as resident property taxpaying citizens of the defendant water district, have such interest or justiciable rights as entitle them to prosecute their suit for injunctive relief, and (2) that they, as tax-paying citizens within said water district, have the right to avail themselves of the provisions of the uniform Declaratory Judgments Act for the purpose of determining the question of the proper construction and validity of the statute creating the defendant water authority and to have a declaratory judgment determining their rights and status thereunder. These points, in our opinion, are not well taken.

Appellants cite several cases as authority for the proposition that taxpayers as a class are entitled to injunctive relief to avoid the assessment and collection of taxes under an unconstitutional act of the legislature. The principal case relied upon (by appellant) which is illustrative of the others, is Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000. That case and the others cited by appellant are distinguishable from the instant case and numerous cases which support the action of the trial court. In the Miller case the validity of the existence of the public corporation was not questioned. The complaint was that there had been a violation of the constitutional prohibition against local or special laws granting special privileges. See Article 3, Section 59, of Texas Constitution, Vernon's Ann.St. In the instant case, as shown by appellants' brief, their attack is upon the validity of the existence of the taxing authority.

It is well settled that quo warranto proceedings are the sole and exclusive remedy by which the legality of the existence and organization of a public corporation, such as the one here under consideration, may be questioned and attacked. 74 C.J.S. Quo Warranto, §§ 4, 13, pp. 181, 196; 44 Am.Jur., page 94; Miller v. Davis, 136 Tex. 299, 150 S.W.2d 973, 136 A.L.R. 177; Fritter v. West, Tex.Civ.App., 65 S.W.2d 414 (Writ Ref.); La Salle County Water Imp. Dist. No. 1 v. Guinn, Tex.Civ.App., 40 S.W.2d 892 (Writ Ref.); Crain v. Adams, Tex.Civ.App., 120 S.W.2d 290; Bowen v. Board of School Trustees of Panola County, Tex.Civ.App., 16 S.W.2d 424; Kuhn

▮ ▬▬▬▬▬▬▬▬▬▬▬

v. City of Yoakum, Tex.Com.App., 6 S.W.2d 91.

▮ Appellants' petition does allege that the action of the defendant water authority in fixing, assessing and collecting taxes is unconstitutional and void under the act of the legislature creating said authority (Article 8280–193, V.A.T.C.S.), because the authority is not attempting to assess and collect taxes from property owners in the cities of Knox City and Rochester, which are included within the boundaries of the North Central Texas Municipal Water Authority. It was provided in the act that separate elections should be held in each of the cities contained in the proposed authority, at which elections there should be submitted separately in each city the question of whether or not the establishment of said authority should be confirmed. It was further provided by the act that:

> " * * * the proposition to be submitted at such election shall specify that the Authority shall be confirmed to include each city in which the majority vote favors confirmation and the Authority shall contain only those cities in which the majority vote favored confirmation the same as though the other cities had not been included in this Act."

There was no allegation in appellants' petition showing whether or not Knox City or Rochester had voted favorably to confirmation of said water authority or not. It is, therefore, not necessary for us to pass upon the question of whether or not appellants would be entitled to injunctive relief under that type of situation. If Knox City and Rochester by their vote did not favor confirmation of said water authority then appellants' complaint could only be directed to the validity of the district, and is controlled by the cases heretofore cited supporting the judgment of the trial court.

▮ Contrary to appellants' contention the Declaratory Judgments Act, Article 2524–1, V.A.T.C.S., does not authorize the maintenance of a suit to determine the validity of a statute creating such a public corporation. The Declaratory Judgments Act does not enlarge existing jurisdiction or create new jurisdiction for the courts but is remedial and procedural in character. Cowan v. Cowan, Tex.Civ.App., 254 S.W.2d 862; Phillips v. City of Odessa, Tex.Civ.App., 287 S.W.2d 518 (Ref. N.R.E.).

The judgment of the trial court is affirmed.