J. E. WALLING, JR. ET AL v. NORTH CENTRAL TEXAS MUNICIPAL WATER AUTHORITY ET AL

No. A-8426. Decided July 26, 1961
(348 S. W. 2d Series 532)

528

*King, Willoughby & Vletas,* of Abilene, for petitioners.

*McMahon, Smart, Sprain, Wilson & Camp,* of Abilene, and *Brookreson & Brookreson,* of Seymour, for respondents.

MR. JUSTICE WALKER delivered the opinion of the Court.

This is a class suit instituted by a number of taxpayers, petitioners, against North Central Texas Municipal Water Authority and the members of its board of directors, respondents, seeking an injunction restraining respondents from levying and collecting taxes on the ground, among others, that the statute[1] creating the Authority is unconstitutional. There is an alternative prayer for a declaratory judgment determining the validity of the Act. Respondents moved to dismiss the suit, alleging that it is an attack on the existence of the corporation which can be made only by a quo warranto proceeding brought in the name of the

---

[1] Article 8280-193, Vernon's Annotated Texas Civil Statutes.

State. The motion to dismiss was granted by the trial court, and the Court of Civil Appeals affirmed. 345 S.W. 2d 312.

■ It has often been said that quo warranto proceedings are the sole and exclusive remedy by which the legality of the existence and organization of a public or private corporation may be questioned. See 74 S.J.S. Quo Warranto § 4, p. 181; 44 Am. Jur. Quo Warranto § 8, p. 94. That is the rule where the attack is made on a de facto corporation created and existing under color of law. When a body has acted and has been dealt with as a corporation after attempting to comply with the requirements of a valid statute authorizing its creation as such, only the State may question its corporate existence on the ground that the law was not followed. La Salle County Water Improvement Dist. No. 1 v. Guinn, Tex. Civ. App., 40 S.W. 2d 892, wr. ref.; Kuhn v. City of Yoakum, Com. App., 6 S.W. 2d 91; Bowen v. Board of School Trustees, Tex. Civ. App., 16 S.W. 2d 424 (no wr.). But as pointed out in Miller v. Davis, 136 Tex. 299, 150 S.W. 2d 973, 136 A.L.R. 177, an unconstitutional statute does not constitute color of law. See also Fritter v. West, Tex. Civ. App., 65 S.W. 2d 414, wr. ref.

■ Petitioners are tax paying citizens owning property within the limits of the Authority, and there is nothing to suggest that they are in any way estopped from questioning its corporate existence. In so far as they seek to enjoin the levy and collection of taxes on the ground that the statute creating the Authority is unconstitutional, their right to maintain the action is settled by Parks v. West, 102 Tex. 11, 111 S.W. 726, 113 S.W. 529. Residents of Mertens Independent School District there brought suit to enjoin the school trustees from issuing bonds and levying a tax to pay the same. It was held that the plaintiffs were entitled to injunctive relief because the statute authorizing the creation of a school district to include territory in more than one county was in violation of the Constitution. In disposing of the argument that the corporate existence of the district could be questioned only by the State in a direct proceeding, this Court said:

" * * * * the attack of the plaintiffs is not merely upon the corporate existence of the district, but is directed against the power of the defendants to lay burdens on their property and subject them to the payment of taxes. Surely they have the right to do that although the reason they assign for the lack of power may also go to the right of the district to exist

under the Constitution. Certainly a property holder has the right to say to the court that he is protected by the Constitution from the imposition of a tax by persons to whom the Constitution, in effect, denies such power."

■ Petitioners are entitled to a hearing and determination of the constitutional questions raised in Paragraphs 4, 5 and 6 of the petition. Their right to maintain the suit does not turn upon whether there is any substantial basis for these contentions. In Paragraph 7 petitioners apparently are saying that the statute was not followed in establishing the territorial limits of the Authority as now constituted. If this is the real nature of the attack there made on the tax levy, that issue can be raised only by the State in a quo warranto proceeding. La Salle County Water Improvement Dist. No. 1 v. Guinn, supra; King's Estate v. School Trustees of Willacy County, Tex. Civ. App., 33 S.W. 2d 783 (wr. ref.).

The judgments of the courts below are reversed, and the cause is remanded to the district court for trial.