CITY OF PASADENA, Texas, et al., Appellants,

v.

HOUSTON ENDOWMENT, INC., Appellee.

No. 198.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Jan. 29, 1969.

Rehearing Denied Feb. 26, 1969.

Rodney D. Parrott, City Atty., Pasadena, for appellants.

Willis Witt, Liddell, Dawson, Sapp & Zivley, Houston, for appellee.

BARRON, Justice.

This suit was filed by Houston Endowment, Inc., appellee, to enjoin the City of Pasadena, its mayor, tax assessor-collector and members of the city council from annexing appellee's land to the corporate limits of the City of Pasadena, a municipal corporation. The City of Pasadena is a Home Rule city deriving its powers from Art. 11, Sec. 5 of the Constitution of Texas, Vernon's Ann.St. The present suit was instituted after the City of Pasadena, pur-suant to the prerequisites of Article 970a, Vernon's Ann.Tex.Civ.St., had passed on first reading Ordinance No. 68–113 annexing the property of appellee to the City of Pasadena. The trial court overruled the city's pleas in abatement, special exceptions and motions to dismiss, and temporarily enjoined the city and its officers from proceeding further with the annexation pending final hearing and determination of the merits of this cause. In its order granting the temporary injunction the trial court found, as a fact, that Houston Endowment's said land is suitable only for agricultural or industrial purposes and is not fit for residential or municipal purposes. The trial court further found that Houston Endowment would receive no benefit fron annexation, while the city's threatened annexation and unequal taxation would seriously injure the market value of Houston Endowment's land. The trial court further found, as a fact, that the proposed annexation and taxation by the city violates Article I, Secs. 17 and 19 of the Texas Constitution and the due process clause of the Fourteenth Amendment to the United States Constitution, and accordingly is unconstitutional, void and unauthorized by law or color of law. The City of Pasadena and its above officers have appealed from the temporary injunction entered by the trial court.

Houston Endowment owns approximately 800 acres of land adjoining the Houston Ship Channel. In 1913, pursuant to Arts. 1183–1187, V.A.T.S., the City of Houston created a navigation district which extended eastwardly for twenty miles along the channel in a strip 5,000 feet wide, 2,500 feet on either side of the channel's center. About 576 acres of appellee's tract lies south of this strip, and none of the property sought to be annexed lies within the navigation district. Property owned by Ethyl Corporation lies west of and generally contiguous to appellee's tract. Tenneco Corporation owns the property contiguous to and east of appellee's land. Phillips Petroleum Company owns a tract west of and generally adjacent to Ethyl's property.

Houston Endowment's land and portions of the land flanking it are unimproved. The tract is of the same nature and location as portions of the Tenneco, Phillips, and Ethyl parcels. However, at a hearing on the proposed annexation it was shown that the Tenneco, Phillips and Ethyl tracts have some improvements thereon, and that the Houston Endowment tract has no improvements. Such unimproved condition has continued for approximately the last thirty years. Appellee's land is presently used for agricultural purposes, but it is far more valuable for industrial development than for any other use. The property's close proximity to petrochemical complexes probably renders it unfit for residential or related purposes.

Although Pasadena has made other efforts to annex appellee's 576 acres, it has not annexed the surrounding property of Ethyl, Tenneco or Phillips. To the contrary, it has expressly agreed not to do so. Effective January 1, 1967, Pasadena entered into an "industrial district contract" with Phillips in which the city promised not to annex Phillips' property, and the contract provided that Phillips should pay, in lieu of taxes, a sum approximately equivalent to 30% of the normal City of Pasadena rate. Pasadena later made similar industrial district contracts with Ethyl and Tenneco. Phillips, Ethyl and Tenneco land constitute industrial districts established by various ordinances of the City of Pasadena, and all of the property involved lies within the extraterritorial jurisdiction of the city and is contiguous to the corporate limits of the city as contemplated by Art. 970a, V.A.T.S., known as the Municipal Annexation Act of 1963, as amended.

In late 1967, the city held a hearing concerning proposed annexation of Houston Endowment's tract. Despite objections made concerning the constitutionality of the plan, the city passed on first reading annexation ordinance No. 67–2057, immediately after which Houston Endowment filed Cause No. 748,560 in the 129th District Court of Harris County, in which it attacked the city's plan. After a hearing the district court enjoined taxation at that time. The city then passed another annexation ordinance, No. 67–2070 and moved to dissolve the injunction. The district court subsequently denied the motion and instead reformed the injunction to forbid any taxation pending trial on the merits. On August 6, 1968, an agreed judgment was entered declaring ordinances 67–2057 and 67–2070 void because of defective property descriptions.

The present ordinance is No. 68–113, which appellee again objects to as unconstitutional and void, and which seeks to annex the property of appellee. The facts are in no material dispute.

The City of Pasadena contends that the trial court erred in overruling motions to dismiss, in abatement and special exceptions, because this suit is a collateral attack upon the annexation ordinance here involved, and the suit cannot be maintained unless the ordinance is void on its face; in holding that such annexation would result in unequal, non-uniform and discriminatory taxation upon appellee's land; in holding that appellee had no adequate remedy at law, in that its remedy is an action in quo warranto; and that the trial court erred in enjoining the city from annexing appellee's land, because the ordinance is not void, the City of Pasadena (a Home Rule city) having the power to annex the area included within such ordinance.

■ Concerning appellant's first and third contentions above that quo warranto proceedings are the sole and exclusive remedy by which the legality of the existence of a municipal corporation may be questioned, an unconstitutional statute or ordinance does not constitute color of law, and insofar as Houston Endowment's pleadings that the annexation ordinance is unconstitutional and void are concerned, the law seems to be settled against appellants. Houston Endowment contends in its suit that Pasadena has no power whatever to

do what it is trying to do. It is well settled that any aggrieved party can properly challenge an allegedly void annexation ordinance, and such party's right to maintain suit does not depend upon whether there is substantial basis for constitutional questions raised. Under the allegations of the petition in this case, to hold otherwise would be to beg the question. Appellee had the right to test the constitutional question and to seek the court's ruling thereon without the state's joinder. See Walling v. North Central Tex. Municipal Water Authority, 162 Tex. 527, 348 S.W.2d 532; City of Irving v. Callaway, 363 S.W.2d 832, 834 (Tex.Civ.App.), writ ref., n. r. e., and cases cited; Deacon v. City of Euless, 405 S.W.2d 59 (Tex.Sup.); Parks v. West, 102 Tex. 11, 111 S.W. 726.

█ It will be noted that this suit directly challenges the enactment by the City of Pasadena of an annexation ordinance which includes 576 acres of appellee's land within the corporate limits of the city. Pasadena is a Home Rule city. It was the purpose of the Home Rule Amendment, Art. XI, Sec. 5, and the enabling statutes to bestow upon accepting cities and towns of more than 5,000 population full power of self-government and full authority to do anything the legislature could theretofore have authorized them to do. The result is that it is necessary to look to the acts of the legislature, not for grants of power to such cities, but only for limitations on their powers. Forwood v. City of Taylor, 147 Tex. 161, 214 S.W.2d 282; State ex rel. Rose v. City of La Porte, 386 S.W.2d 782, 785 (Tex.Sup.); City of Irving v. Dallas County Flood Control District, 383 S.W.2d 571, 575 (Tex.Sup.). The property sought here to be annexed is unincorporated territory now lying adjacent to the present limits of the City of Pasadena. There is nothing to prevent the city from annexing any territory lying adjacent to it, and the city is not required to annex any particular block of land or to annex any other property in the vicinity which might be undesirable or not in the best interests of the

city under the circumstances. A court cannot be concerned with the motives of a governing body of a city such as Pasadena in the annexation proceeding. City of Houston v. State, 142 Tex. 190, 176 S.W.2d 928, 930. The power to annex territory is a legislative power. Norris v. City of Waco, 57 Tex. 635, 641. And Home Rule cities are expressly empowered to annex any territory which is adjacent to them and which is not included within the limits of another incorporated city. State ex rel. Pan American Production Company v. Texas City, 157 Tex. 450, 303 S.W.2d 780; City of Irving v. Dallas County Flood Control District, supra. And see Art. 970a, V.A.T.S.

But appellee contends that the annexation ordinance is intertwined with an unconstitutional scheme of taxation, and that if the ordinance is finally enacted and appellee's property is taken into the city, the annexation and consequent taxation of appellee's land are violative of the Texas and Federal Constitutions, particularly Article VIII, Section 1, of the Texas Constitution, which provides:

"Taxation shall be equal and uniform. All property * * * shall be taxed in proportion to its value * * *."

The principal contention made by appellee is that other property in the vicinity of appellee's land, owned by Ethyl, Tenneco and Phillips, have been placed in industrial districts near the Houston Ship Channel, and the City of Pasadena has agreed not to annex such property under a contract with each of the above owners that their payments, in lieu of taxes, to the City of Pasadena should be about 30% of the normal city tax rate. The property of Ethyl, Tenneco and Phillips lies within the extraterritorial jurisdiction of the city, as provided by Art. 970a, V.A.T.S., as stated above. The contracts insuring non-annexation are to extend for a period of seven years from January 1, 1967, and they may be extended by mutual agreement of the parties. Appellee did not execute such a contract with the city.

■ In the first place we do not believe the scheme of taxation which would result is so intertwined with the annexation ordinance as to render the annexation of appellee's property void or unconstitutional. Section 5, Art. 970a, specifically recognizes the right of a city to designate industrial districts in the city's extraterritorial jurisdiction and to make contracts and agreements with the owners of property within such jurisdiction. The statute provides:

"Sec. 5. The governing body of any city shall have the right, power, and authority to designate any part of the area located in its extraterritorial jurisdiction as an industrial district, as the term is customarily used, and to treat with such area from time to time as such governing body may deem to be in the best interest of the city. Included in such rights and powers of the governing body of any city is the permissive right and power to enter into contracts or agreements with the owner or owners of land in such industrial district to guarantee the continuation of the extraterritorial status of such district, and its immunity from annexation by the city for a period of time not to exceed seven (7) years, and upon such other terms and considerations as the parties might deem appropriate. * * * "

■ It is therefore clear that the action taken by the city is in contemplation of and is authorized by Art. 970a, Sec. 5, and we find no constitutional objection thereto. It is assumed that appellee's land will be taxed at a lawful rate when it is taken into the city. The property of Ethyl, Tenneco and Phillips, not being annexed, will lie outside the limits of the city and within the extraterritorial jurisdiction. In view of the power of the city to annex such contiguous territory as it sees fit, we see no constitutional objection to the city's dealing with property outside its boundaries at a different tax rate. A statute or rule under constitutional attack is to be construed as valid if reasonably possible. Duncan v. Gabler, 147 Tex. 229, 215 S.W.2d 155. If there is a substantial basis for classification

and if the classification is not unreasonable, arbitrary or capricious, the legislature or a Home Rule city acts within the legitimate scope of its authority and power. Mumme v. Marrs, 120 Tex. 383, 40 S.W.2d 31, 36; Wood v. Wood, 159 Tex. 350, 320 S.W.2d 807. We believe a reasonable basis for classification under the above facts is afforded.

■ We overrule the contention that appellee will receive no benefit from annexation, that the market value of its land would suffer, and that the result is a taking of property without due process of law. State ex rel. Pan American Production Company v. Texas City, supra.

■ Nevertheless, there is another reason for our holding that Pasadena's annexation ordinance is valid and that it is not so bound to the scheme of taxation as to render it void. Taxes have not yet been assessed against appellee's property as a part of the incorporated area of Pasadena. Article 10 of the Home Rule Charter of the City of Pasadena dealing with taxation must yet be complied with. The property must be assessed for tax purposes, and the Board of Equalization of the city must act before appellee may make its complaint by legal action. A taxpayer may attack an assessment under an alleged illegal scheme at its inception, when the taxing authority prepares to fix assessments. City of Arlington v. Cannon, 153 Tex. 566, 271 S.W. 2d 414. Remedies are equally available after taxes have become delinquent. State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569; Whelan v. State, 155 Tex. 14, 282 S.W.2d 378; State v. Federal Land Bank of Houston, 160 Tex. 282, 329 S.W.2d 847. And see 33 Tex.L.Rev. 1075 et seq. Appellee, therefore, cannot successfully attack the annexation of its property at this time on the ground that the scheme of taxation probably *will be* unfair and discriminatory. The taxation aspect of this case is another matter, and if appellee is able to do so, it may yet contend in a suit at the proper time that the system of taxation is arbitrary and fundamentally erroneous.

**158**

This case has been fully developed, and only questions of law have been presented. We see no probable right to any relief as prayed for by appellee.

The judgment of the trial court is therefore reversed, and the temporary injunction granted by the trial court is dissolved.

Reversed and temporary injunction dissolved.