Calvin BLEDSOE, Appellant,

v.

Claude C. BEARD, Sr., et al., Appellees.

No. 785.

Court of Civil Appeals of Texas,

Tyler.

Nov. 21, 1974.

Rehearing Denied Dec. 12, 1974.

Griffin, Shelton & Eames, Mike Griffin, Denton, for appellant.

Penfold & Arledge, Craig Penfold, Dallas, Coleman, Whitten & Phillips, Earl L. Coleman, Denton, for appellees.

McKAY, Justice.

Appellant Calvin Bledsoe brought suit against the town of Little Elm, Texas, and its mayor, aldermen and city secretary, alleging that the order of the County Judge of Denton County declaring the city of Little Elm incorporated was null and void and of no legal effect. Appellant also prayed for a permanent injunction to restrain the town of Little Elm, its officers, agents and employees from exercising or attempting to exercise municipal jurisdiction over appellant's lands or to levy or collect taxes or to perform any other municipal function and, in the alternative, that appellant's property be disannexed or severed from the town of Little Elm.

Appellees filed a plea in abatement contending that appellant's suit was in the nature of a quo warranto proceeding and that an indispensable party was omitted in that neither the attorney general, district attorney nor county attorney had presented a

petition for quo warranto in the name of the State of Texas and that quo warranto was an exclusive remedy. The trial court overruled the plea in abatement.

Appellees answered with special exceptions, one of which plead Art. 974d–12 and Art. 974d–17, Vernon's Ann.Civ.St., and appellees contended these validating acts of the Legislature validated the incorporation of Little Elm, if in fact, validation was required. The trial court sustained the exceptions based on the validating acts, withdrew the case from the jury and rendered judgment that appellant as plaintiff take nothing and that "the town of Little Elm is hereby declared to be duly incorporated for all municipal purposes."

By his first point appellant maintains that the trial court erred in sustaining appellees' exceptions to paragraphs X, XI, XII, XIII and XIV of his petition and rendering judgment for appellees and declaring the town of Little Elm to be duly incorporated for all municipal purposes because the Court thus held that the Legislature had authority to validate a void act. By paragraphs X through XIV appellant alleged (X) that the area described in the order of the County Judge did not constitute a town or village; (XI) that such area embraced lands which were not intended to be used for strictly municipal purposes; (XII) that the area did not have two hundred (200) inhabitants at the time the petition seeking an election was presented to the County Judge; (XIII) that the field notes describing the area to be incorporated were drawn and fixed in such manner as to deny appellant and those similarly situated any effective participation in the purported municipal corporation; and (XIV) area described in the order of the County Judge embraced lands which were within the corporate limits and a part of the city of Frisco, Texas. The exception of appellees to the above paragraphs plead Art. 974d–12, Acts 1967, V. A.C.S., 60th Legislature, effective June 18, 1967, and Art. 974d–17, V.A.C.S., Acts 1971, 62nd Legislature, effective June 15, 1971, which were validating acts.

Appellant claims by point two that the trial court erred in sustaining appellees' exception to his paragraph XIV because the judgment results in a holding that a municipal corporation could be lawfully created which includes territory within the boundaries of an existing municipal corporation; and by his third point appellant maintains that by sustaining appellees' exception to paragraph X and entering judgment declaring the town of Little Elm to be duly incorporated constitutes a holding that a municipal corporation could be lawfully created which does not constitute a town or village. By his fourth point appellant says the trial court erred in holding that the Legislature intended to validate the acts alleged in his petition.

Appellant attached to his petition a certified copy of the Order of the County Judge of Denton County, dated July 11, 1966, declaring the town of Little Elm incorporated as a municipal corporation together with the description of the corporate limits by metes and bounds. There was no exhibit or attachment or other evidence concerning the corporate limits of the town of Frisco.

Appellees contend (1) that appellant failed to amend and failed to complain of any denial of the right to amend his pleading after appellees' exceptions were sustained and, therefore, there was no fact issue remaining to be determined; (2) that when a County Judge orders an incorporation election there is a presumption of a valid election in the absence of fraud or lack of good faith on the part of the County Judge or the inhabitants seeking the incorporation; and (3) there were no pleadings before the trial court to justify the relief sought by appellant and the trial court had no alternative except to hold, as a matter of law, that in the absence of proper pleadings and parties necessary for a quo warranto proceedings no fact questions remained to be determined because of the applicability of the validating acts of the Legislature.

This case is before this court strictly upon the pleadings of the parties, but the

trial court's judgment not only sustained appellees' so-called exception based upon the validating statutes, but also rendered judgment that "the Town of Little Elm is hereby declared to be duly incorporated for all municipal purposes." We reverse that judgment and dismiss the case.

 It is the rule in Texas that quo warranto proceedings are the sole and exclusive remedy by which the legality of the existence and organization of a municipal corporation may be questioned where the attack is made on a de facto corporation created and existing under color of a valid statute. Walling v. North Central Texas Municipal Water Authority, 162 Tex. 527, 348 S.W.2d 532 (1961); Bean v. Town of Vidor, 440 S.W.2d 676 (Tex.Civ.App.–Beaumont, 1969, writ ref'd, n. r. e.); Universal City v. City of Selma, 514 S.W.2d 64 (Tex.Civ.App.–Waco, 1974). The validity of the incorporation of the town of Little Elm could not be questioned in these collateral proceedings.

Appellant's pleadings and exhibits attached reveal that the County Judge of Denton County entered an order declaring the town of Little Elm incorporated as a municipal corporation on July 11, 1966, that appellant has been subjected to and paid taxes since the Order of incorporation and that appellant and the land which he owns has been within the purported city for a period of more than six years. It is undisputed that there was at least an attempt to incorporate the town of Little Elm under the general laws of Texas and that the town of Little Elm has functioned as an incorporated town. Further, there was no contention by appellant that the statutes under which the town of Little Elm was organized were invalid or unconstitutional. Therefore, applying the rationale of the statements made by the Supreme Court in *Walling,* we conclude that the proceedings involved in the case at bar are such that must be brought by quo warranto in the name of the State.

In quo warranto cases the State is an indispensable party, and the absence of an indispensable party is an error fundamental in nature of which this court may take judicial notice without such point being raised on appeal. Pan American Pet. Corp. v. Vines, 459 S.W.2d 911 (Tex. Civ.App.–Tyler, 1970, writ ref'd, n. r. e.), Ellis v. Hanks, 478 S.W.2d 172 (Tex.Civ. App.–Dallas, 1972, writ ref'd, n. r. e.). "Jurisdiction of the Court over indispensable parties to a cause of action is essential to the court's right, power or authority to proceed to judgment." City of Arlington v. Bardin, 478 S.W.2d 182 (Tex.Civ.App.– Ft. Worth, 1972, writ ref'd, n. r. e.).

For the reasons above, the judgment of the trial court is reversed and the case is dismissed.