W. N. RATCLIFF et al., Appellants,

v.

CITY OF HURST, Texas, Appellee.

No. 18188.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 31, 1980.

Rehearing Denied Feb. 14, 1980.

Wilbur T. Knape, Hurst, for appellants.

Staples & Foster and George A. Staples, Jr., Hurst, for appellee.

## OPINION

MASSEY, Chief Justice.

Plaintiffs W. N. Ratcliff, et al., are possessed of property outside the territorial limits of the defendant City of Hurst. By a purported annexation of said property of plaintiffs the city demanded and received from them municipal ad valorem taxes. By prior litigation it has been established the city had no right to collect the taxes. This suit was brought for reimbursement of such taxes received by the city for periods in which it had no right of collection.

For background, see *State ex rel. Ratcliff v. City of Hurst*, 458 S.W.2d 696 (Tex.Civ. App.—Fort Worth 1970, writ ref'd n. r. e. on February 24, 1971). The date on which the Supreme Court overruled the motion for rehearing on the petition for writ of error was April 7, 1971. That case was one of *quo warranto* brought by the State of Texas on relation of W. N. Ratcliff, in which other persons later intervened. (Ratcliff and the intervenors in such case were the identical parties who are plaintiffs and appellants in the instant case.) In the *quo warranto* case the trial court held the annexation of plaintiffs' land by the City of Hurst to have been valid. This court reversed the judgment of the trial court and rendered the contrary judgment, i. e., that annexation was invalid and void. From our

judgment the city petitioned the Supreme Court for a writ of error which was denied. Our judgment ultimately became final after the City of Hurst had exhausted its remedies in the Supreme Court of Texas.

Following trial of the instant suit, the trial court on January 22, 1979, granted judgment to the plaintiffs for reimbursement of taxes paid within two years of May 8, 1972, date on which suit had been filed, but, sustaining the city's plea of limitations, (Tex.Rev.Civ.Stat.Ann. art. 5526 (Supp. 1980), "Actions to be commenced in two years"), the court denied reimbursement of taxes for any time antecedent thereto. It is from this judgment and ruling of the trial court that appeal is brought to this court.

We reverse the trial court. We render judgment that no limitation statute is proper to be applied and that plaintiffs are severally entitled to recover judgment for the entire amount of taxes which they paid because of their ownership of property outside Hurst's municipal boundary. The amounts are not controverted because the parties stipulated relative thereto in the trial court and for purposes of the record brought to us on appeal.

In brief our holding on the appeal is that because:

(1) statutes of limitations are "statutes of repose";

(2) a person who desires to challenge the propriety of taxation on the theory that taxes claimed or collected are ad valorem taxes illegally taxed because the taxing agency lacked authority is foreclosed from maintaining a suit to recover taxes paid under such conditions, it could not be said that he is "reposing" in deferring institution of suit; no period of limitation would be applicable when the person could not maintain suit in any event (even if the clerk of some court should accept and file a form of petition by which suits are ordinarily instituted);

(3) plaintiffs had no authority to challenge the legitimacy of annexation—to do so being the prerogative of the State to the exclusion of any other;

(4) it may be said as applied to the plaintiffs' issues made in their petition filed on May 8, 1972 (within two years from April 7, 1971) that their cause of action accrued, and their ability to *bring and prosecute* the same did not exist until judgment in the *Quo Warranto* case became final by the Supreme Court action of April 7, 1971.

(5) the City of Hurst, a home rule city, until April 7, 1971, stood in relation to plaintiffs in the suit as a "sovereign", i. e., exactly as would be the case were it the State of Texas which had exacted the taxes; and,

(6) so long as a situation pertains where no court has invalidated annexation in a suit in *quo warranto* all persons are foreclosed from litigating either the question of legitimacy of annexation and are also foreclosed from litigating the issue of propriety of taxation on a theory of illegality of annexation;

the trial court erred in holding any part of said cause(s) of action to have become "outlawed" by any statute of limitation which might be plead against them.

On the matter of when a statute of limitation "begins to run", see *Linkenhoger v. American Fidelity & Casualty Co.*, 152 Tex. 534, 260 S.W.2d 884, 886 (1953), from which we quote as follows:

"In *Williams v. Pure Oil Co.*, 124 Tex. 341, 78 S.W.2d 929, 931, the rule is announced as follows:

" 'It seems to be the settled law of this state that limitation does not begin to run until the right or cause of action accrues. The right or cause of action does not exist until facts exist which authorize the person asserting the claim to seek relief in a court of competent jurisdiction from the person due to make reparation. It involves both the existence of the right and facts sufficient to constitute a cause of action.'
" . . .

"In *Deaton v. Rush*, 113 Tex. 176, 252 S.W. 1025, a vendor's cause of action for recovery of certain land, the deed to which was obtained by fraud, is said

not to accrue until after the cancellation of such deed, the reason being that such action could not be maintained until the deed had been set aside. Similarly the right of recovery of funds which were wrongfully paid under garnishment proceedings will not accrue until final judgment in the main case and consequently limitation will not begin to run theretofore. *T. B. Meeks Co. v. Hudgins*, Tex.Civ.App., 22 S.W.2d 764."

On the matter of abatement, as it applies to the suit of plaintiffs/appellants, meaning the right of the city to have the same abated and dismissed, or, alternatively, to have action otherwise to be held in abeyance pending disposition of the *quo warranto* suit, see generally: 1 Tex.Jur.2d, Chapter on "Abatement and Revival" and sections thereunder, as follows: p. 18, Sec. 2, "(Abatement of Pending Actions)—In general; p. 22, Sec. 5, "Effect of abatement"; p. 40, Sec. 20, "(Another Action Pending)—In general"; p. 45, Sec. 23, "Effect of prior action on jurisdiction of other court"; p. 48, Sec. 25, "When action is pending"; p. 51 Sec. 29 "(Effect of final adjudication of former action)—Pendency of action in reviewing court" (1959). Further, in connection with the section last cited see also 4 Tex.Jur.2d p. 163, "Appeal and Error—Civil Cases", Sec. 321 "(Effect of Appeal) In general; jurisdiction of appellate court" (1959).

On the matter of the exclusiveness of jurisdiction of a trial court in *quo warranto* cases, (in that plaintiffs/appellants were powerless to maintain a suit in their individual capacities until the question of validity or invalidity of the annexation of their land by the city was finally determined through a decree resolving the *quo warranto* inquiry), see generally: 47 Tex.Jur.2d, Chapter on "Quo Warranto", and sections thereunder as follows: p. 564, Sec. 2, "(Nature and Exclusiveness of Remedy)—In general"; and p. 565, Sec. 4, "Exclusiveness; Remedy as cumulative" (1963). Further, in connection therewith we quote from *Walling v. North Central Texas Mun. Water Auth.*, 162 Tex. 527, 348 S.W.2d 532, 533 (1961), where it is written: "Their [petitioners, in a class action suit] right to main-

tain the suit does not turn upon whether there is any substantial basis for these contentions. In Paragraph 7 petitioners apparently are saying that the statute was not followed in establishing the territorial limits of the Authority as now constituted. If this is the real nature of the attack there made on the tax levy, that issue can be raised only by the State in a quo warranto proceeding. *La Salle County Water Improvement Dist. No. 1 v. Guinn*, supra, [40 S.W.2d 892 (Tex.Civ.App.—San Antonio 1931) writ ref'd]; *King's Estate v. School Trustees of Willacy County*, Tex.Civ.App., 33 S.W.2d 783 (wr. ref.)."

Accordingly, we reverse the judgment rendered and entered by the trial court, and render judgment in this case as follows:

It is ORDERED, ADJUDGED and DECREED that the following persons, plaintiffs in the suit, recover of and from the City of Hurst, Texas, together with interest at rates calculated thereon as follows:

(a) at six percent (6%) per annum from the dates of payment of taxes to the City of Hurst, Texas, until date of judgment below on January 22, 1979, and

(b) at nine percent (9%) per annum from January 22, 1979 until paid,

the following amounts:

| | | |
|---|---|---|
| (1) | B. B. Allgood | $ 150.85 |
| (2) | Mrs. W. E. Allgood | 502.18 |
| (3) | Calvin B. Atkins | 1,245.93 |
| (4) | Cecil Camp | 431.29 |
| (5) | L. T. Cantrell | 95.28 |
| (6) | E. R. Christian | 409.88 |
| (7) | Mrs. Linnie R. Hardy | 584.43 |
| (8) | Mrs. C. C. Mitchell | 1,161.51 |
| (9) | E. R. Parker | 114.86 |
| (10) | W. N. Ratcliff | 798.62 |
| (11) | Mrs. C. H. Reagan | 753.31 |
| (12) | Arvel Tate | 39.00 |
| (13) | H. H. Wood | 458.88 |

plus all costs, both in the trial court and on the appeal, for all of which they may severally have execution.