CITY OF HOUSTON, Appellant,

v.

Anita RODEHEVER et al., Appellees.

No. 17751.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 12, 1981.

Rehearing Denied April 2, 1981.

Laura S. Portwood, Houston, for appellant.

Edward J. Landry, John J. Greene, Houston, Randall B. Wood, Austin, for appellees.

Before EVANS, DOYLE and WARREN, JJ.

EVANS, Justice.

At the heart of this controversy is a new Property Tax Code that establishes an ap-

praisal district in each county to perform ad valorem property tax appraisals for the State and for each taxing unit, other than the county, that imposes ad valorem taxes on property in the district. Tex.Laws 1979, ch. 841 at 221.

This statute provides that each appraisal district is to be governed by a five member board of directors, elected by a vote of the participating taxing units within the district. The voting entitlement of each voting unit is determined under a formula based upon the taxing unit's proportionate share of the total dollar amount of property taxes imposed within the district. The County Clerk is responsible for calculating the number of votes to which each taxing unit is entitled, and the governing body of each taxing unit entitled to vote is directed to determine its vote by resolution and submit it to the County Clerk, who then counts the votes and declares the election of the five candidates receiving the largest cumulative vote totals. Section 6.03, Texas Property Tax Code.

This case arises from the passage of resolutions by forty-three local taxing units in Harris County, acting upon the basis of the so-called "three-fourths rule" set forth in Section 6.03(i) of the Code. That section provides:

"The governing bodies of three-fourths of the taxing units that are entitled to vote on the appointment of members of a district's board of directors may change the number of members on the board of directors or may change the method of selecting members of the board of directors."

These resolutions purported to change the number of directors on the appraisal board from five to nine and the method of computing the voting entitlement of the taxing units from a tax dollar basis to a population basis. These resolutions, according to the City, dilute the City's representation on the board, resulting in a substantial disparity between its board representation, as the largest taxing unit in the county, and the board representation of the smaller taxing units entitled to vote.

The Texas Property Tax Code became effective September 1, 1979, and members appointed to the board were to assume office on January 1, 1980. The City initiated this action in November, 1979, naming the County Clerk as the sole defendant and seeking to temporarily enjoin the Clerk from conducting the appointment of board members pursuant to the resolutions. In response to an order sustaining the defendant's plea in abatement, the City amended its petition to add as parties those taxing units that passed resolutions under the "three-fourths rule," the nine persons named to the board, thirteen voting tax units that had not passed resolutions, and the Texas Attorney General. In its amended petition, the City sought a writ of mandamus against the County Clerk, a declaratory judgment, and injunctive relief. In December, 1979, the trial court denied the City's application for injunction, and in January, 1980, the court dismissed, without prejudice, the City's application for mandamus and for injunctive relief, concluding that the City had "not prayed for the only course of relief which is now possible to resolve the controversy at bar, to wit, Quo Warranto and granting the relief prayed for ... at this juncture could not finally resolve the controversy at bar." It is from this order of dismissal that the City appeals.

The City's first point of error is dispositive of the appeal. Under this point the City contends that the trial court erred in dismissing its action because its petition challenged the statute and resolutions on constitutional grounds, arguing that such issues could properly be raised by mandamus and declaratory judgment actions, and that quo warranto was not an exclusive remedy.

The quo warranto statute, by its own terms, applies only to proceedings that challenge a person who shall "usurp, intrude into or lawfully hold or execute any office or franchise, or any office in any corporation *created by the authority of this State*" (emphasis added) Tex.Rev.Civ.Stat.Ann. art. 6253 (Vernon 1970).

In *Walling v. North Central Texas Water Municipal Authority*, 162 Tex. 527, 348 S.W.2d 532, 533 (1961), the Texas Supreme Court stated:

"It has often been said that quo warranto proceedings are the sole and exclusive remedy by which the legality of the existence and organization of a public or private corporation may be questioned. See 74 C.J.S. Quo Warranto § 4, p. 181; 44 Am.Jur. Quo Warranto § 8, p. 94. That is the rule where the attack is made on a de facto corporation created and existing under color of law. When a body has acted and has been dealt with as a corporation after attempting to comply with the requirements of a valid statute authorizing its creation as such, only the State may question its corporate existence on the ground that the law was not followed. *La Salle County Water Improvement Dist. No. 1 v. Guinn*, Tex.Civ.App., 40 S.W.2d 892, wr. ref.; *Kuhn v. City of Yoakum*, Tex.Com. [Civ.] App., 6 S.W.2d 91; *Bowen v. Board of School Trustees*, Tex.Civ.App., 16 S.W.2d 424 (no wr.). But as pointed out in *Miller v. Davis*, 136 Tex., 299, 150 S.W.2d 973, 136 A.L.R. 177, an unconstitutional statute does not constitute color of law. See also *Fritter v. West*, Tex.Civ.App., 65 S.W.2d 414, wr. ref."

■ The allegations in the City's petition do not merely contest the manner in which the election was conducted or the qualifications of the candidates to hold office, but rather challenge on constitutional grounds the authority under which the board was established. Therefore, quo warranto was not the sole and exclusive remedy by which the City could obtain judicial determination of the issues raised in its petition.

■ The trial court's order of dismissal, in effect, determined that the City's petition showed on its face that it was not entitled in such action to the relief which it sought. This constituted error. Since the City's petition alleged that the statute and the resolutions were unconstitutional, it was entitled to have the trial court hear and consider such issues, and it was not required to prove at the time of the dismissal hearing that there existed a substantial basis for its contentions. *Walling v. North Central Texas Water Municipal Authority*, supra.

■ Since a judicial determination of these issues may require the trial court to hear evidence regarding the constitutionality of the statute and resolutions in question, the cause will be remanded, in the interest of justice, for further proceedings. Tex.R.Civ.P. 434; *Scott v. Liebman*, 404 S.W.2d 288 (Tex.1966).

■ Under the record before this court, the City was not entitled to a writ of mandamus against the County Clerk. Mandamus will not lie to compel performance of a duty that is not based upon a plain, unambiguous and positive statute. *Burke v. Hutcheson*, 537 S.W.2d 312 (Tex.Civ.App.—Eastland 1976, writ ref'd n. r. e.).

The trial court's order of dismissal is reversed, and the cause is remanded. Costs are taxed one-half against the appellant, City of Houston, and one-half against appellees other than Anita Rodehever, County Clerk of Harris County, against whom no costs will be assessed.