O. V. ROSKEY, Individually and As Agent For the Burleson County Taxpayers Grievance Committee, Appellants,

v.

TEXAS HEALTH FACILITIES COM-MISSION, et al., Appellees.

No. 13373.

Court of Appeals of Texas, Austin.

March 17, 1982.

Rehearing Denied April 8, 1982.

William D. Darling, Wood, Lucksinger & Epstein, Austin, for appellants.

Fred E. Davis, Davis & Davis, Austin, for appellees.

POWERS, Justice.

Appellants sued under the Texas Declaratory Judgments Act, Tex.Rev.Civ.Stat.Ann. art. 2524–1 (1965), to have the district court declare void an "exemption certificate" issued by the Texas Health Facilities Commission to the Burleson County Hospital District. The certificate pertains to the improvement of Thomas L. Goodnight Memorial Hospital. The Commission, the district, and the hospital operator were defendants in the court below and are appellees here.

The trial court entered summary judgment dismissing appellants' suit "with prejudice" on the basis of appellees' "plea to the jurisdiction" of the district court. The judgment recites that the district court lacked jurisdiction because the suit amounted to a collateral attack upon the Commission's order, appellants had not exhausted their administrative remedies, and appellants lacked "standing" to challenge the Commission's order.

Appellants' petition reveals their sole complaint in the district court to be that the Commission lacked statutory authority to issue the exemption certificate, contending its authority to do so was repealed by an amendment of the applicable statute.

The statutory authority under which the Commission purportedly issued the exemption certificate is part of the Texas Health Planning and Development Act, Tex.Rev. Civ.Stat.Ann. art. 4418h (Supp.1982). The Act makes it unlawful for a person to initiate the erection, expansion, modification, or conversion of certain health facilities without first obtaining from the Commission either a "certificate of need" for the project, or an "exemption certificate," the latter being tantamount to a declaration that no "certificate of need" is required. Id. §§ 3.01, 3.02, 3.14.

The Act contains the customary provisions found in similar licensing statutes. They pertain to the filing of applications for either a certificate of need or an exemption certificate, notice, hearing, determination, and judicial review. The Act incorporates most of the provisions of the Texas Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a (Supp.1982) [TAPTRA].

Appellants did not appear in the agency proceeding which resulted in issuance of the exemption certificate to the district. The Act contains no provisions for recalling, forfeiting, or voiding an exemption certificate, or for reopening a relevant proceeding, on the complaint of a person situated as are appellants, even assuming them to be affected by an activity purportedly authorized by the certificate. The Commission was therefore powerless to grant the relief sought and had no authority to make incidental findings which were essential to the granting of the relief. The doctrine of exhaustion of administrative remedies does not apply in such circumstances. *Foree v. Crown Central Petroleum Corp.*, 431 S.W.2d 312 (Tex.1968).

The doctrine may not be applied for an additional reason which is founded in the very ground upon which appellants sought to have the exemption certificate declared void: the Commission *exceeded its authority* when it issued the certificate. In such circumstances, the doctrine does not apply. *Glen Oaks Utilities, Inc. v. Houston*, 161 Tex. 417, 340 S.W.2d 783 (1960).

With respect to the merits of their argument, appellants make a very strong case indeed.[1] We nevertheless hold that

---

1. The district filed its application for the exemption certificate on April 25, 1979, and the Commission, having made the requisite determinations, issued the exemption certificate on July 26, 1979. Between those two dates, however, on May 17, 1979, an amended version of the relevant section became effective. The amended version omits the sole ground upon

the argument may not be made in this suit and the district court properly dismissed it on summary judgment sustaining appellees' plea to the jurisdiction. Appellants sued to have the district court declare void *for all purposes* the exemption certificate issued to the district. Evidently mindful of some doubt as to the justiciability of the action, whether for want of standing to bring it or want of subject-matter jurisdiction in the district court, appellants allege the hospital district intends to incur new debts and levy new taxes to pay for the improvements authorized by the exemption certificate;

and, appellants allege such taxes will "interfere with or impair the legal rights and privileges" of appellants. We find in the record no explanation of what "rights and privileges" were intended by this allegation beyond the obvious implication that appellants assert a right to be free of taxes beyond the power of the taxing authority to impose. The summary judgment "evidence" does not show, however, that the district has taken any step toward such taxation by planning, preliminary authorization, assessment, levy, or collection. The statute which created the district pro-

which the exemption certificate was issued. That ground had previously been set forth in § 3.02(a)(4) of the Act and authorized the Commission to issue an exemption certificate for the replacement or modification of a health facility which had been in existence on May 28, 1979, provided the Commission determined: (1) the work was necessary to place the facility in compliance with an applicable statute or ordinance; and (2) the work would not result in an expansion of the facility or an increase in its level of service.

The effect of the amendment would appear to be a repeal by implication of the statutory ground upon which the Commission issued the exemption certificate to the district, for the amendment neither directly nor by fair implication reserved the authority previously given the Commission. The right to an exemption certificate on the repealed ground was in avoidance of the general requirement that a certificate of need be obtained. The right to an exemption certificate on that ground depended solely upon the repealed subsection and the amending statute contained no saving clause in favor of pending applications. The district had not acquired a vested right immune from the retroactive operation of a statute, for the Commission had not acted when the amending statute became effective. In substantially the same circumstances, where the right asserted depended solely upon a statute, its repeal was held to deprive the court of subject-matter jurisdiction to hear and determine a pending cause wherein the right was asserted. *Dickson v. Navarro County Levee Imp. Dist.*, 135 Tex. 95, 139 S.W.2d 257 (1940); *Nat'l Carloading Corp. v. Phoenix-El Paso Express, Inc.*, 142 Tex. 141, 176 S.W.2d 564 (1943). If that rule applies in judicial proceedings, and it does, we see no bar to its application to the quasi-judicial function wherein the Commission issues that form of license called an "exemption certificate," pursuant to § 3.09 of the Act. TAPTRA §§ 3(3) and 18.

The amending statute is unambiguous and requires no "construction" by the Commission or

by this Court as to whether it was intended by the Legislature to apply to applications pending in the Commission on its effective date. Tex. Rev.Civ.Stat.Ann. art. 4418h, § 3.02 (Supp. 1981). The statute contains no saving clause such as that ordinarily used to avoid an amendment's operation upon pending proceedings. In such circumstances, it was the duty of the Commission to apply the effective date of the amending statute equally with its other provisions. *Brown Express, Inc. v. Railroad Comm'n*, 415 S.W.2d 394 (Tex.1967).

Appellees urge that the intent of the Legislature was contrary to what we have said above. They adduced, in the agency hearing on their application, the testimony of the author and sponsor of the amending statute. His testimony was to the effect that the legislature did not intend for the amendment to apply to applications pending in the Commission on the effective date of the amendment.

The implied repeal of an existing statute is unquestionably a matter of legislative intent. Here, however, the amending statute requires no extrinsic assistance in its interpretation. It contains no saving clause and the effective date is unambiguous. Therefore, the legislative intent apparent on the face of the amending statute is not in doubt. Moreover, legislative intent is not to be derived from the post-enactment declarations of a legislator, even the author and sponsor of the bill which resulted in the enactment of a statute. *Fleming v. A. H. Belo Corp.*, 121 F.2d 207 (5th Cir. 1941); 2A C. Sands, *Sutherland on Statutory Construction* § 43.16 (4th ed. 1974); *cf. Ex parte Peede*, 75 Tex.Cr.R. 247, 170 S.W. 749 (1914), (reference made to the recorded remarks of the bill's proponent, stated in congressional debate preceding the bill's passage.) *See generally* J. Witherspoon, *Administrative Discretion to Determine Statutory Meaning—The High Road*, 35 Texas L.Rev. 63 (1956); Note, *Statutes—Extrinsic Aids to Construction*, 10 Texas L.Rev. 115 (1931).

vides that the district may pay the cost of such improvements from revenue derived from sources other than taxation. 1977 Tex.Gen. & Spec.Laws, ch. 726, § 19, at 1813. Therefore, any new debt incurred by the district will not inevitably or necessarily result in its being paid from tax revenues. In these circumstances, the district court could properly dismiss appellants' suit because it is founded upon a contingency, and thus calls for an advisory opinion beyond the jurisdiction of the court to give. *Fire-men's Insurance Co. v. Burch*, 442 S.W.2d 331 (Tex.1968).

We hold as well that the exclusive right to challenge the validity of the exemption certificate, where appellants' legal rights or interests were not shown to be threatened with an adverse effect, lies in the State of Texas, to be exercised through the attorney general of the State by an action in *quo warranto*, should that officer determine in his discretion to bring it. Tex. Rev.Civ.Stat.Ann. art. 6253 (1970); *Walling v. North Central Texas Municipal Water Authority*, 162 Tex. 527, 348 S.W.2d 532 (1961); *Miller v. School Trustees of Milam County*, 52 S.W.2d 806 (Tex.Civ.App.—Austin 1932, writ ref'd); *La Salle County Water Improvement District v. Guinn*, 40 S.W.2d 892 (Tex.Civ.App.—San Antonio 1931, writ ref'd).

The district is a hospital district created in accordance with the provisions of Article IX, § 9 of the Texas Constitution; 1977 Tex.Gen. & Spec.Laws, *supra*; Tex.Rev. Civ.Stat.Ann. art. 4494q (Supp.1981). The district is a body corporate, as well as a body politic, and a governmental agency. 1977 Tex.Gen. & Spec. Laws, *supra*, § 13. The statutory action in *quo warranto* is expressly authorized to be brought by the attorney general when a corporation "exercises power not conferred by law ...." Article 6253, *supra*. The action is authorized against the enjoyment of a franchise granted by statute or ordinance when there existed no power to grant it. *Morris & Cummings v. State*, 62 Tex. 728 (1884). We see no distinction in this respect between a franchise and a license. And where, as

here, the only issue presented is whether the defendant (the district) may lawfully exercise a power it purports to have by grant from the State, the question can be raised *only* by the State. *Continental Bus System, Inc. v. Railroad Commission*, 262 S.W.2d 446 (Tex.Civ.App.—Austin 1953, writ ref'd).

We believe both of the foregoing bases for decision, an absence of jurisdiction because appellants' suit called for an advisory opinion and because it raised a right resting solely in the State, fall reasonably within the "standing" ground of the appellees' plea to the jurisdiction, and hence within their motion for summary judgment and the judgment entered by the court. *See Texas Industrial Traffic League v. Railroad Commission*, 628 S.W.2d 187 (Tex.Civ.App.— Austin 1982).

The judgment of the trial court is affirmed.