FRITTER, County Judge, et al. v. WEST et al.

No. 9363.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 1, 1933.

Rehearing Denied Nov. 29, 1933.

James Cornell, D. B. Hardeman, and R. G. Hughes, all of San Angelo, and Grady Lowrey, of Del Rio, for appellants.

Jones & Lyles, of Del Rio, and Templeton, Brooks, Napier & Brown, of San Antonio, for appellees.

MURRAY, Justice.

This is an appeal from an order made by Hon. Brian Montague, as judge of the Sixty-Third judicial district, granting a temporary injunction against Hon. John S. Fritter, county judge of Kinney county, and others, restraining the appellants, who were the defendants below, from organizing a county-wide common school district in Kinney county, and from carrying into effect the other provisions of Senate Bill No. 542, passed by the Forty-Third Legislature. This bill is published in the Special Laws of Texas, 43d Legislature, Regular Session 1933, c. 94, at page 122.

Senate Bill No. 542 provides, among other things, for the formation of a county-wide common school district in Kinney county on a majority vote of the qualified voters of said county; for the abolition of existing school districts therein; for the election of trustees of said county-wide district; authorizes the levy, assessment, and collection of taxes, and prescribes the powers and duties of such trustees.

After the passage of this bill, an election was ordered in Kinney county, on July 22, 1933, to determine whether or not a majority of the qualified voters wished to accept the provisions of the bill. The election resulted favorably for the bill, and the county-wide school trustees provided for were elected. On July 28, 1933, appellees presented to the district judge their petition for a temporary injunction, restraining the defendants from carrying into effect the provisions of the bill. A temporary restraining order was granted. On August 15, 1933, appellants filed their answer in this cause and upon a hearing, held on the 26th day of August, 1933, the trial judge granted a temporary injunction, from which order the defendants below have prosecuted this appeal.

At the time the temporary injunction was granted, all that had been done under the provisions of this bill was the holding of the election, declaring the result and the qualifying of four of the county-wide school trustees.

It is contended by appellants that S. B. No. 542 is a general law and not subject to the rules governing special laws. The question at once arises, If this was a general law, why should its effectiveness be left to the voters of only one county? As a general rule the Legislature is not allowed to delegate its legislative power. However, it has been held that whether or not a special law may become effective may be left to a majority vote of the particular district to be affected thereby. Cooley's Constitutional Limitations (8th Ed.) pp. 236, 237. On the other hand, it is held to be an improper delegation of legislative power to submit to the entire state the adoption of a general law. Cooley's Constitutional Limitations (8th Ed.) p. 239. It is clearly improper to leave the final effectiveness of a general law to the voters of only one county, which would be the result here if S. B. No. 542 is to be construed to be a general law. The only possible justification for leaving the effectiveness of this bill to the voters of Kinney county would be on the theory that it was a special and local law, affecting only the people of that county.

Furthermore, by the expressed terms of this bill it affects only Kinney county. It could never extend to any other county. In City of Fort Worth v. Bobbitt, 36 S.W.(2d) 470, 472, the court said: "An act which designates a particular city or county by name * * * and whose operation is limited to such city or county, is held to be local or special."

In Austin Bros. v. Patton (Tex. Com. App.) 288 S. W. 182, 186, the court said: "A local law is one the operation of which is confined to a fixed part of the territory of the state. The statute under consideration relates to Houston county only—a particular one of the class, all counties being the class."

Senate Bill No. 542 is undoubtedly a special law. Ward v. Harris County (Tex. Civ. App.) 209 S. W. 792, 793; Altgelt v. Gutzeit, 109 Tex. 123, 201 S. W. 400; Smith v. State, 120 Tex. Cr. R. 431, 49 S.W.(2d) 739.

Having come to the conclusion that S. B. 542 is a local and special law, it is uncon-

stitutional in that it attempts to form a school district by special act of the Legislature. Prior to 1927, section 3, art. 7, of the State Constitution, contained the following language: "And the Legislature may also provide for the formation of school districts by general or special law without the local notice required in other cases of special legislation."

At an election held November 2, 1926, proclamation issued January 20, 1927, this section was readopted by the people of the state, and the above provision was changed to read as follows: "And the Legislature may also provide for the formation of school district(s) by general laws."

It is clear that, by eliminating from the Constitution the provision that school districts could be formed by special laws, it was intended that such districts be created only by general laws.

■ Furthermore, the Constitution now provides a specific manner in which school districts may be formed, that is, by general law. This would exclude the formation of school districts in any other manner than that expressly provided for in the Constitution.

■ Senate Bill No. 542 is also unconstitutional and void wherein it attempts to create the offices of county trustees of Kinney county, prescribe the powers and duties of officers in the school district, regulate the management of public school situation in such district, and raise funds for such purpose.

Section 56, of article 3, of the State Constitution, provides, among other things, as follows: "Sec. 56. The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing * * * regulating the management of public schools, the building or repairing of school houses, and the raising of money for such purposes."

It is obvious that many of the provisions of S. B. No. 542 attempt to do the very things which section 56, art. 3, definitely says the Legislature cannot do by a special act. See, also, section 3, art. 8; section 28, art. 1; section 1, art. 3; section 36, art. 3, of the State Constitution.

■ It is contended that section 56 of article 3 was repealed by implication when, in 1883, section 3, art. 7, was adopted, and that the amending of section 3, art. 7, in 1927, could not re-enact section 56 of article 3. We do not feel that the provisions of these two sections are so inconsistent that one could be treated as the repeal of the other by implication.

As shown above, section 56 contains the phrase, "except as otherwise provided in this Constitution." Until 1927, section 3, of article 7, contained an exception to section 56. Since 1927 it does not contain an exception. It could not be said that an exception to section 56 would operate as a repeal of it when such exception was expressly provided for by section 56 itself.

S. B. No. 542, being a special law and repugnant to section 3, art. 7, and section 56 of article 3, of our State Constitution, is unconstitutional and void.

■ It is further contended that, regardless of the unconstitutionality of this bill, appellees cannot maintain this action in its present form; that the gist of this action is to contest the validity of a quasi municipal corporation, that is, the validity of the county-wide common school district of Kinney county; that this can only be done in a direct proceeding, wherein the state is a party and brought in the nature of a quo warranto proceeding. This rule is unquestionably correct where there is a de facto municipality in existence under color of law, but in the present case there is no de facto corporation. The facts show that no corporation had been organized. Four trustees had qualified, and nothing further had been done. The requisites of a de facto corporation are three: (1) A charter or general law under which such a corporation as it purports to be might lawfully be organized; (2) an attempt to organize thereunder; and (3) actual user of the corporate franchise.

There being no user of the corporate franchise, appellees could properly resort to injunctive relief. The legal remedy of quo warranto would not be available to them under the circumstances. Tulare Irrigation Dist. v. Shepard, 185 U. S. 1, 22 S. Ct. 531, 46 L. Ed. 773.

It has also been held in this state that, where the very law under which the corporation attempts to organize and by virtue of which it receives its authority to an existence is unconstitutional and void, tax paying citizens of the territory affected may maintain a suit seeking the equitable remedy of injunction without being compelled to bring a suit in the nature of a quo warranto. Parks v. West, 102 Tex. 11, 111 S. W. 726; Kuhn v. City of Yoakum (Tex. Com. App.) 6 S.W.(2d) 91.

The appellees herein, all but one of whom were resident property tax paying citizens of Kinney county, had the right to bring and maintain this suit.

The trial judge properly issued the temporary injunction, and his action in so doing will be here upheld.

The judgment is affirmed.