

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
*ATTORNEY GENERAL*

July 24, 1973

Honorable Farris V. Rose          Opinion No. H- 67
County Attorney, Culberson County
P. O. Box 518                Re:    Constitutionality of
Van Horn, Texas 79855               H. B. 1683, 63rd Leg.

Dear Mr. Rose:

You have submitted to us House Bill 1683 adopted by the recent
legislature with a request that we determine its constitutionality under
Article 3, § 56 of the Constitution of the State of Texas.

House Bill 1683 is entitled: "AN ACT related to abolishing and
an election to abolish the office of county auditor of Culberson County. . . ."
It provides in § 1: "The office of county auditor of Culberson County is
abolished." Section 2 calls for an annual audit of the books of the Com-
missioners Court of Culberson County by a certified public accounting
firm. Section 3 provides that the act takes effect only if and when an
election is called and held by the Commissioners Court for or against
abolishing the office of county auditor.

Section 56 of Article 3 of the Constitution of Texas provides in part:

"The Legislature shall not, except as
otherwise provided in this Constitution, pass
any local or special law, authorizing: . . . ..

"Regulating the affairs of counties, cities,
towns, wards or school districts . . . . "

It cannot be doubted that House Bill 1683 is a local or special law.
It applied to only one county and no pretense was made that it applied to
any more. *City of Fort Worth v. Bobbitt*, 36 S. W. 2d 470 (Tex. 1931);

Fritter v. West, 65 S. W. 2d 414 (Tex. Civ. App., San Antonio, 1933, err. ref'd. ); Attorney General Opinions H-8 (1973) and H-52 (1973).

It is established by prior opinions of this office that acts affecting the office of County Auditor are acts regulating the affairs of counties and thus subject to the prohibitions of § 56 of Article 3.   Attorney General Opinions O-1748 (1939); O-1986 (1940); and see Attorney General Opinion V-893 (1949).

It is, therefore, our opinion that House Bill 1683 is unconstitutional as a special or local law attempting to achieve what must be achieved by general legislation.   Your second question has to do with the election called for by § 3 of the Bill.   However, since it is our opinion that the Bill is unconstitutional, there should be no occasion for an election and we find it unnecessary to answer that question.

## SUMMARY

A Bill designed to abolish the office of county auditor in a particular county is a special bill or law prohibited by Article 3, § 56 of the Constitution of Texas.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee