

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 26, 1973

The Honorable Preston Stevens
Wheeler County Attorney
P. O. Box 472
Wheeler, Texas 79096

The Honorable Phil Cates
House of Representatives
State Capitol
Austin, Texas

Opinion No. H- 52

Re:     Constitutionality of H. B.
        1687, 63rd Leg., abolishing
        the office of County School
        Superintendent in Wheeler
        County.

Gentlemen:

You have submitted to us House Bill 1687 enacted by the 63rd Legislature and signed into law by the Governor. Each of you has questioned its constitutionality as a special law and has asked that we review it.

House Bill No. 1687, omitting its formal parts provides:

"The office of county school superintendent in Wheeler County is abolished. All powers and duties of the abolished office shall be performed by the county judge as ex officio county school superintendent. "

It has long been the law of this State that an act applying only to one city or one county within the State is a local law. City of Fort Worth v. Bobbit, 36 S. W. 2d 470 (Tex. 1931). Thus, in Fritter v. West, 65 S. W. 2d 414 (Tex. Civ. App., San Antonio, 1933, err. ref'd.), a bill providing for a formation of a county-wide common school district in Kinney County, for the abolition of existing school districts in that County, etc., was held to be a local bill.

Not all local and special laws are prohibited by our Constitution. Those local laws which are prohibited are specified in Article 3 of § 56 which specifies, among others, "regulating the management of public schools, the building or repairing of school houses, and the raising of money for such purposes." (emphasis added)

In Fritter v. West, supra, the court held that the attempt, among other things, to abolish a county-wide common school district by special law was unconstitutional and void.

In Attorney General Opinion M-935 (1971), this office was asked to pass upon a bill which, though ostensibly applicable to all counties having a certain population, was in fact applicable solely to Matagorda County and attempted to abolish the office of county superintendent. The opinion held the bill to be a special law and, thus, unconstitutional and void. See also Attorney General Opinion M-1200 (1972).

Your request for our opinion points to the fact that the notice published in Wheeler County did not correspond to the law enacted as House Bill 1687. The notice requirement of Article 3, § 57 is applicable only to special laws which are otherwise permissible and which are not prohibited by Article 3, § 56. Moore v. Edna Hospital District, 449 S.W. 2d 508 (Tex. Civ. App., Corpus Christi, 1969, err. ref'd., n.r.e.).

It is our opinion that there is no constitutional authority to abolish the office of county school superintendent by a local law; that House Bill No. 1687 is such a local and special law, with such purpose, and therefore, it is unconstitutional and void and of no effect.

## SUMMARY

Abolition of the office of county school
superintendent in a particular county may not
be accomplished by a special or local law.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

The Honorable Preston Stevens
The Honorable Phil Cates, page 3 (H-52)

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee