

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

JOHN L. HILL
ATTORNEY GENERAL

January 4, 1974

The Honorable Ted Butler
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas 78204

Opinion No. H- 196

Re: The constitutionality of Acts
1973, ch. 224, p. 520,
providing for a jail adminis-
trator for Bexar County.

Dear Mr. Butler:

You have asked whether Acts 1973, 63rd Leg., ch. 224, p. 520, which establishes the office of jail administrator in Bexar County is constitutional. That Act provides, in part:

"(c) The commissioners court of Bexar County, Texas may appoint a jail administrator who shall exercise all authority, supervision, and control over the jail, as well as all other statutory duties of the sheriff with respect to the jail."

Article 3, Section 56 of the Texas Constitution provides in part:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

. . .

"Regulating the affairs of counties, cities, towns, wards or school districts;

. . .

"Creating offices, or prescribing the powers and

> duties of officers, in counties, cities, towns, election
> or school districts;"

In construing this section of the Constitution, the Supreme Court of
Texas has said:

> ". . . we hold that a law that has uniform application
> throughout the state to cities of a certain class, as to
> population, or other legitimate classification, is not
> repugnant to the constitutional provision under discussion,
> even though there is only one city in the state of that
> class, but when the law is so drawn that it applies only
> to one city, and can never apply to any but this one city
> in any possible event, the law is unconstitutional and
> void, because such a law is not based on classification
> but on isolation. " (emphasis added).

City of Fort Worth v. Bobbitt, 36 S. W. 2d 470, 473 (Tex. 1931). See also,
Anderson v. Wood, 152 S. W. 2d 1084 (Tex. 1941); Bell County v. Hall, 153
S. W. 121 (Tex. 1913); Fritter v. West, 65 S. W. 2d 414 (Tex. Civ. App.,
San Antonio, 1933, writ ref'd); Attorney General Opinions H-67 (1973), H-52
(1973), and H-8 (1973).

As the questioned statute specifically names Bexar County as the only
county to which it applies, we believe that it is a local law prohibited by
Article 3, Section 56 of the Constitution.  The doctrine that legislation on sub-
jects in which the people at large are interested will not be considered a local or
special law, e. g., Smith v. Davis, 426 S. W. 2d 827 (Tex. 1968), is inapplicable
here.

As it is our opinion that the act in question is unconstitutional as a local
law, it is unnecessary to consider your other questions.

## SUMMARY

A statute which provides for a jail administrator for

Bexar County alone, is unconstitutional as a local law.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee