**CULBERSON COUNTY, Appellant,**

v.

**Ken HOLMES et al., Appellees.**

**No. 6377.**

Court of Civil Appeals of Texas, El Paso.

July 31, 1974.

Rehearing Denied Sept. 11, 1974.

Studdard, Melby, Schwartz & Tupper, John C. Melby, El Paso, for appellant.

Pearson, Speer, Oden, Hardie & Caballero, James M. Speer, El Paso, for appellees.

## OPINION

PRESLAR, Chief Justice.

This appeal is from a judgment declaring unconstitutional an Act of the Legislature which provided for the abolition of the office of County Auditor of Culberson County. We affirm.

The title of the Act is "Abolition of office of county auditor in Culberson County; election; audit." The Article in question is 1645a–13, Vernon's Tex.Rev.Civ. Stat.Ann., and it became effective in August of 1973. Section 1 of the Act provides:

"The office of county auditor of Culberson County is abolished."

Provision is then made for the Act to take effect when and if an election is called and held by the Commissioners Court of Culberson County. Such an election was held and the vote was for the abolition of the office. This suit was then brought by the Appellees, one of whom is the present County Auditor and others who are interested taxpayers, against the County and various County officials, which resulted in the judgment of the trial Court that the Act was void and in violation of Art. 3, Sec. 56, of the Constitution of the State of Texas, Vernon's Ann.St., for the reason that the same is local or special legislation applying only to Culberson County, Texas.

The Constitution in plain and simple terms prohibits the enactment of any local or special law regulating the affairs of counties. Sec. 56 of Art. 3 provides:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, . . . . :

\* \* \* \* \* \*

"Regulating the affairs of counties, cities, towns, wards or school districts; \* \* \*."

By this provision of the Constitution, the Legislature is denied the right to pass any special, private or local law, and, clearly, this is such a local and special law, for by its express terms it affects only Culberson County. It could never extend to any other County or be a general law applicable State-wide, because of such limiting language, and for the further reason that only the voters of Culberson County can enact it. If this is not a local or special law but one of State-wide application, as it must be to escape the prohibition of the Constitution, by what power can the voters of a single county enact law applicable to other counties? In City of Fort Worth v. Bobbitt, 121 Tex. 14, 36 S.W.2d 470 (Tex. Com.App.1931, opinion adopted), the Court held:

"An act which designates a particular city or county by name, \* \* \* and whose operation is limited to such city or county, is held to be local or special."

In Austin Bros. v. Patton, 288 S.W. 182 (Tex.Com.App.1926, opinion adopted), the Court said:

"A local law is one the operation of which is confined to a fixed part of the territory of the state."

And see Fritter v. West, 65 S.W.2d 414 (Tex.Civ.App.—San Antonio 1933, writ ref'd), and Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941).

We conclude that the trial Court was correct in holding the Act unconstitutional and therefore void.

The judgment of the trial Court is in all things affirmed.