

# The Attorney General of Texas

March 30, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable John Wilson
Chairman, Committee on
 Health & Welfare
House of Representatives
Austin, Texas 78769

Opinion No. H- 1147

Re: Forfeiture of teacher retirement benefits by county judge acting as ex officio superintendent.

Dear Representative Wilson:

You ask whether a county judge serving as ex officio county school superintendent pursuant to section 17.47 of the Education Code may at the same time receive teacher retirement benefits. You inform us that the county judge of Fayette County is otherwise entitled to benefits from the Teacher Retirement System and ask whether section 3.37 of the Education Code requires him to forfeit these benefits. Section 3.37(d) provides in part:

> A person receiving a service retirement benefit from the retirement system who is employed in any position in the public schools of Texas except as provided in this section, shall forfeit all retirement benefits for any month in which such employment occurs.

The exception permits a limited amount of substitute teaching by a retired person. The county judge must forfeit his benefits if he "is employed in any position in the public schools" by reason of his ex officio service as county school superintendent.

"Public school" is defined by section 3.02(a)(2) of the Education Code as

> any educational institution or organization in this state which under the laws of Texas is entitled to be supported wholly or partly by state, county, school district, or other municipal corporation funds.

This broad definition has been held to include Regional Education Media Centers established pursuant to section 11.32 of the Education Code to provide

educational services for school districts.  See Attorney General Opinion C-749 (1966).  In our opinion, this definition of "public school" is broad enough to include the county school administration, which provides a variety of services to school districts and has authority to "perform any other act consistent with law for the promotion of education in the county."  Educ. Code § 17.31.  The county school administration of course receives the requisite public funding.  See Educ. Code §§ 17.09, 17.51, 17.52, 18.30.  We believe the county judge who is performing the duties of the county school superintendent is employed in a position in a public school so that section 3.37(d) requires him to forfeit his retirement benefits.  To hold otherwise would reverse many years of consistent administrative interpretation and would cause the disallowance of Teacher Retirement System credit earned by numerous individuals who served as county school personnel.  The Teacher Retirement System has come to the same conclusion with regard to this provision, and as the agency responsible for administering the statute its interpretation is entitled to weight. See Attorney General Opinion H-871 (1976).

You next ask whether the passage of Senate Bill 1327 by the 65th Legislature makes section 3.37(d) inapplicable to the county judge of Fayette County.  Acts 1977, 65th Leg., ch. 544.  Senate Bill 1327 abolishes the board of county school trustees in Fayette County and provides that

> [i] n serving as ex officio county school superintendent, the county judge of Fayette County shall perform the duties of that office without additional compensation.

Sec. 2.  In our opinion, Senate Bill 1327 is unconstitutional as a local law regulating the affairs of a county and the management of school districts.  Tex. Const. art. 3, § 56.  See Culberson County v. Holmes, 513 S.W.2d 126 (Tex. Civ. App. — El Paso 1974, no writ);  Attorney General Opinions H-641, H-545 (1975); H-52 (1973).  Consequently, Senate Bill 1327 is void and has no effect.

## S U M M A R Y

A county judge serving as ex officio school superintendent is barred by section 3.37(d) of the Education Code from receiving teacher retirement benefits during his service. Senate Bill 1327 enacted by the 65th Legislature is unconstitutional as a local law.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst