The **CITY OF HUTCHINS,**
Texas, Appellant,

v.

**Roland W. JENKINS and Wife, Mary Jo Jenkins, Appellees.**

**No. 9018.**

Court of Appeals of Texas,
Texarkana.

Jan. 26, 1982.

Rehearing Denied Feb. 23, 1982.

Robert D. Hemphill, Saner, Jack, Sallinger & Nichols, Dallas, for appellant.

James P. Finstrom, Dallas, for appellee.

BLEIL, Justice.

We affirm the trial court's judgment because there is sufficient evidence to support it. That judgment enjoined the enforcement of a Hutchins' parking ordinance.

Findings of fact and conclusions of law were filed which established that the City passed an ordinance prohibiting parking on the two roads abutting the Jenkins' property; the ordinance was directed at the Jenkins particularly and served no legitimate traffic regulation purpose; and the ordinance is unreasonable and oppressive as applied to the Jenkins. The ordinance was declared invalid and the City was permanently enjoined from enforcing it because of the Jenkins' vested property rights. The findings are sufficiently supported by the evidence and are not contrary to the overwhelming weight of the evidence.

A district court has no power to enjoin the enforcement of a penal ordinance or statute absent proof that its enforcement would cause irreparable injury to vested property rights. *City of Richardson v. Kaplan*, 438 S.W.2d 366 (Tex.1969). The City argues that since there was no specific finding of fact that the ordinance would irreparably injure the Jenkins' vested property rights, the court had no jurisdiction to enter its judgment. We disagree. When findings are made by the trial court we must presume any omitted facts, when supported by the evidence, in support of the judgment. *Ives v. Watson*, 521 S.W.2d 930 (Tex. Civ.App.—Beaumont 1975, writ ref'd n.r.e.); *Jacobini v. Zimmerman*, 487 S.W.2d 249 (Tex.Civ.App.—Ft. Worth 1972, no writ). There is evidence which supports the omitted finding that enforcement of the ordinance would irreparably injure the Jenkins' vested property rights. The Jenkins property is bounded on two sides by city roads. On the portion of those two roads which fronts their property the ordinance forbids parking. Evidence showed that the Jenkins' vested property rights, both personal and business, in their land and home, will be irreparably injured by enforcement of the ordinance.

In their briefs and oral argument, both sides treat as an issue the question of whether the Jenkins have a right to store used automobiles on public property for business purposes. No person can acquire a vested right to use public roads for carrying on a commercial business. *City of Wichita Falls v. Bowen*, 143 Tex. 45, 182 S.W.2d 695 (1944). And, by our decision we in no manner sanction the Jenkins' use of public property for the storage of automobiles.

We overrule all points of error and affirm the judgment.