# The Attorney General of Texas

March 5, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Tom Craddick
Chairman
Natural Resources Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-297

Re:   Jurisdiction over rates
charged to customers outside
the boundaries of the Lakeway
Municipal Utility District

Dear Representative Craddick:

You inform us that the Lakeway Municipal Utility District [hereinafter the District] was formed in 1972, and in 1974, a group of people living outside the District incorporated under general law provisions and became the Village of Lakeway [hereinafter the Village]. Since incorporation, the Village has not undertaken to provide water for its residents, but instead the Village residents purchase water from the District. In that regard you ask:

> What governmental agency or body has jurisdiction over the rates charged to customers outside the boundaries of the Municipal Utility District of Lakeway?

The fixing of domestic utility rates is a legislative function; however, the state legislature may delegate the fixing of such rates to a subordinate body. See Railroad Commission v. Houston Natural Gas Corp., 289 S.W.2d 559 (Tex. 1956). The state of Texas has delegated the function of fixing and regulating domestic retail water rates to various state agencies and political subdivisions. Among these agencies and political subdivisions are the Public Utility Commission, the Texas Department of Water Resources, the municipal utility districts, and municipalities of the state. See V.T.C.S. art. 1446c, §§16, 17, 22; see also Water Code §54.519.

We believe that the District has the authority initially to fix rates charged to the residents of the Village. Lakeway Municipal Utility District is a political subdivision of the state organized under chapter 54 of the Water Code. The District was organized in 1972 by order of the Texas Water Rights Commission pursuant to article XVI, section 59 of the Texas Constitution. See Water Code §54.001 et seq. The District is given authority to supply water and set rates in "areas contiguous to or in the vicinity of the district." See Water

Code §54.519(a),(d).   Section 54.519 of the Water Code provides in part:

> (a)  A  district  may  purchase,  construct,
> acquire,  own,  operate,  repair,  improve,  or  extend
> all  works,  improvements,  facilities,  plants,
> equipment, and appliances necessary to <u>provide a
> water system and a sewer system for areas conti-
> guous to or in the vicinity of the district
> provided the district does not duplicate a service
> of another public agency</u>.  A district shall not
> provide a water or a sanitary sewer system to
> serve areas outside the district which is also
> within a city without securing a resolution or
> ordinance of the city granting consent for the
> district to serve the area within the city.
>
>            .  .  .  .
>
> (d)  <u>A district is authorized to establish,
> maintain, revise, charge, and collect the rates,</u>
> fees, rentals, tolls, or other charges for the
> use, services, and facilities of the water and
> sewer system which provide service to areas
> outside  the  district  which  are  considered
> necessary and which may be higher than those
> charged for comparable service to residents within
> the district.
>
> (e)  The rates, fees, rentals, tolls, or other
> charges shall be at least sufficient to meet the
> expense of operating and maintaining the water and
> sewer system serving areas outside the district
> and to pay the principal of and interest and
> redemption price on bonds issued to purchase,
> construct, acquire, own, operate, repair, improve,
> or extend the system.  (Emphasis added).

At the time the District began providing water to the areas now constituting the Village, the Village was not an incorporated municipality.  Thus, it is our conclusion that the District has jurisdiction to establish the initial retail rates for water services to residents of the Village.  See <u>Texas Water Rights Commission v. City of Dallas</u>, 591 S.W.2d 609 (Tex. Civ. App. - Austin 1979, writ ref'd n.r.e.); cf. <u>Lower Colorado River Authority v. City of San Marcos</u>, 523 S.W.2d 641, 645 (Tex. 1975) (home rule city presents a different situation).  We note that the Village of Lakeway has no jurisdiction to regulate the rates charged by the District to its residents.  See <u>Village of Lakeway v. Lakeway Municipal Utility</u>

District No. 1, 657 S.W.2d 912 (Tex. App. - Austin 1983, writ ref'd n.r.e.).

Section 11.041(a) of the Water Code authorizes "[a]ny person entitled to receive or use water from any . . . lake or from any conserved or stored supply [to] present to the [Texas Water Commission] a written petition" to contest the rates charged by the District. See Water Code §11.041(a)(1, 2, 3); see also Texas Water Rights Commission v. City of Dallas, supra at 612. The Texas Water Commission is further authorized "to fix reasonable rates" for the water supplied to the Village by the District. See Water Code §12.013. See also Texas Water Rights Commission v. City of Dallas, supra. Therefore, we conclude that any person residing within the District or the Village may petition the Texas Water Commission to review the rates charged by the District. The Texas Water Commission may then determine whether the rates charged by the District to the residents of the Village are reasonable.

## SUMMARY

The Lakeway Municipal Utility District is authorized pursuant to section 54.519 of the Water Code to fix water rates charged to residents of the Village of Lakeway. In addition, the Texas Water Commission has jurisdiction, pursuant to sections 11.041 and 12.013 of the Water Code, to review the rates charged by the District as to reasonableness.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton